IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------------- : <br> OTHA HILSON III, : <br> : <br> Petitioner, : <br> : <br> -vs- : <br> : <br> UNITED STATES OF AMERICA, : <br> : <br> Respondent. : <br> ----------------------------------------------------- : | CASE NO. 4:07 CV 00187 <br> 4:03 CR 00228 <br><br> <u>MEMORANDUM OF OPINION AND</u> <u>ORDER DENYING PETITIONER</u> <u>RELIEF UNDER 28 U.S.C. § 2255</u> |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is Otha Hilson, III's 15 January 2007 petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1: 7 CV 187, Doc. 52: 3 CR 228). The government filed an opposition to the petition (Doc. 4: 7 CV 187) and the Court granted Mr. Hilson's motion for an extension of time until 8 June 2007 to reply. (Doc. 6). Mr. Hilson filed his reply on 11 June 2007. (Doc. 54: 3 CR 228). The issue is now ripe for consideration. The Court has determined that the motion and the record of prior proceedings in the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. Mr. Hilson's Section 2255 petition will be denied for the reasons discussed below.

**I. Background**

On 10 June 2003, the government charged Mr. Hilson in a single count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Case No. 1:03 CR 228). The Indictment charged that on the night of 10 May 2003, at approximately 2:47 a.m., Youngstown, Ohio police officers responded

to Lucius and Market Streets in reference to a man passed out behind the wheel of his automobile.  Upon arrival the police found Mr. Hilson asleep at the wheel with the car running.  Upon approaching the car, the police observed a black handgun between Mr. Hilson's legs with his right hand on the firearm.  After yelling at Mr. Hilson failed to awaken him, the police opened the door and grabbed the gun, a Beretta nine-millimeter.  After Mr. Hilson was removed from the car, the officers recovered a cloth bag from his front pocket in a search incident to his arrest.  The bag contained five small bags of marijuana, individually packed in clear plastic bags, and a clear plastic bag containing approximately 10 rocks of crack cocaine, and three smaller bags containing approximately three rocks of crack cocaine.

Mr. Hilson initially pleaded not guilty before Magistrate Judge George Limbert.  On 20 January 2004, the government filed an Armed Career Criminal Notice, advising Mr. Hilson that he was subject to the sentencing enhancement provisions of 18 U.S.C. § 924(e)(1).  (Doc. 20).

On 26 January 2004, the Court held a hearing at which Mr. Hilson pled guilty to felony possession of a firearm.  (Doc. 22, Transcript at Doc. 28: 3 CR 228).  During the hearing the Court "took great care to verify that Hilson understood the significance of his plea, the severity and range of his possible sentences, and the government's discretion about whether to grant him a substantial-assistance departure under [U.S.S.G.] § 5K1.1."  United States v. Hilson, 152 Fed. Appx. 452, 453, 2005 WL 2649958 (6th Cir. 2005).  As the Sixth Circuit acknowledged, during the plea hearing "the parties agreed to hold the sentencing terms in abeyance while Hilson negotiated with the government for a substantial-assistance departure under" § 5K1.1.  Id.

On 6 February 2004, Mr. Hilson filed a pro se motion to withdraw his guilty plea and, a few days later, filed a pro se request for new counsel.  (Docs. 23, 24: 3 CR 228). The government filed a response to Mr. Hilson's motion to withdraw his plea.  (Doc. 29). On 10 March 2004 the Court appointed Mr. Hilson new counsel (Doc. 25), and on 9 July 2004, new counsel, at the Petitioner's request, withdrew the prior, pro se, motion to withdraw the plea of guilty.  (Doc. 30).  The Court granted that latter motion on 12 July 2004.

On 23 August 2004, the Probation Office prepared and issued a final presentence investigation report on Mr. Hilson, prior to his sentencing hearing.  That report did not contain a departure for substantial assistance under § 5K1.1, and did not adjust the Petitioner's proposed sentence for acceptance of responsibility.  On 27 August 2004 Mr. Hilson, through counsel, filed a second motion to withdraw his guilty plea, along with a brief in objection to the pre-sentence investigation report.  (Docs. 33, 34).  On 30 August 2004 the Court held a hearing on the motion to withdraw, denying the motion from the bench.  The Court later memorialized its reasoning in an Order on 7 September 2004.  (Doc. 36: 3 CR 228).  Immediately following the denial of Mr. Hilson's motion to withdraw his plea on 30 August 2004, the Court held a sentencing hearing in which the defendant received 180 months incarceration, the lowest sentence available in light of the statutory mandatory minimum and the absence of substantial assistance. (Doc. 35).  Judgment in the District Court was finalized on 7 September 2004.  (Doc. 37: 3 CR 228).

With the assistance of a Court appointed appellate counsel (Doc. 41), Mr. Hilson appealed to the Sixth Circuit the Court's Order denying his 27 August 2004 motion to

3

withdraw his guilty plea.  His appellate brief raised no issues concerning his sentence.  On 17 October 2005, by Information, the Sixth Circuit affirmed the District Court's decision to deny Mr. Hilson's motion to withdraw.  (Doc. 50).  The Sixth Circuit recognized that the factors enunciated in United States v. Goldberg, 862 F.2d 101, 103-04 (6th Cir. 1988), necessitated denying Mr. Hilson's motion to withdraw his guilty plea.  The Sixth Circuit also noted that Mr. Hilson's failure to consistently maintain his innocence weighed against granting the appeal.  Id. at 454.  Finally, the Sixth Circuit concluded that Mr. Hilson's "extensive experience" with the criminal justice system suggested a sufficient understanding of the situation to "render a voluntary, knowing, and intelligent plea."  Id. The Sixth Circuit Court's Mandate was filed on 10 November 2005.  (Doc. 51).

Mr. Hilson filed the instant matter on 15 January 2007, seeking relief from his sentence pursuant to section 2255.  (Doc. 52: 3 CR 228; Doc. 1: 7 CV 187).

## II.  Law and Argument

Section 2255 permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.  The movant has the burden of establishing any claim asserted in the petition.  See Bowers v. Battles, 568 F.2d 1, 5 (6th Cir. 1977), cert. denied, 436 U.S. 910 (1978).

4

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings.  See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993);  Watson v. United States, 165 F.3d 486, 488 (6th Cir.1999).  In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  Riggs v. United States, 209 F.3d 828, 831 (6th Cir.), cert. denied, 531 U.S. 884 (2000).  Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001), cert. denied, 535 U.S. 967.

Mr. Hilson raises four grounds for relief in his section 2255 petition: (1) the Court lacked subject-matter jurisdiction to adjudicate the criminal proceedings; (2) defense counsel number one (Neal Atway) did not zealously advocate for the defendant; (3) defense counsel number two (Damian Billak) did not zealously advocate for the defendant; and (4) the Petitioner's guilty plea was neither knowing nor voluntary.  (Doc. 1).

The Petitioner admits that he did not raise the first three grounds for relief on direct appeal. (Doc. 1, p. 6).  Further, the Sixth Circuit observed that Mr. Hilson's direct appeal addressed only his motion to withdraw his guilty plea, and did not raise any

5

issues relating to his sentence or to jurisdiction. United States v. Hilson, 152 Fed. Appx. at 453.

### A. Ground Four Already Litigated

As an initial matter, the Court finds that Mr. Hilson's fourth § 2255 ground for relief has already been litigated. See United States v. Hilson, 152 Fed. Appx. 452. This claim fails because the Petitioner already made this argument on direct appeal before the Court of Appeals for the Sixth Circuit. A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances, such as an intervening change in the law. See DuPont v. United States, 76 F.3d 108, 110-11 (6th Cir.1996); see also Wright v. United States, 182 F.3d 458, 467(6th Cir. 1999); Jones v. United States, 178 F.3d 790, 796 (6th Cir.1999); Oliver v. United States, 90 F.3d 177, 180 (6th Cir.1996). As a general rule, sentencing matters decided on direct appeal may not be relitigated under § 2255 . See DuPont, 76 F.3d at 110-11. In reviewing the entire record, the Court has given considerable attention to the Petitioner's change of plea hearing (Doc. 28: 3 CR 228), the Sixth Circuit's consideration of Mr. Hilson's appeal (Docs. 50, 51), and the Section 2255 briefs submitted by the parties. The Court concludes that, because no exceptional circumstances exist in the present case, Petitioner's fourth argument for relief fails.

### B. Procedural Default and Waiver

On 15 September 2004, this Court appointed an appellate attorney to represent Mr. Hilson's direct appeal before the Sixth Circuit. (Doc. 41: 3 CR 228). The Petitioner's direct appeal involved the single question of whether his plea of guilty was

6

knowing and intelligent and did not address the questions presented here regarding either jurisdiction and ineffective assistance of trial counsel.

Most challenges to a federal criminal conviction must be litigated in a direct appeal.  "Given society's substantial interest in the finality of judgments, only the most serious defects in the trial process will merit relief outside of the normal appellate system."  Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996).  Because of this, a defendant risks losing the opportunity for merit review by failing to raise claims on direct appeal.  See Phillip v. United States, 229 F.3d 550, 552 (6th Cir. 2000); see also Murr v. United States, 200 F.3d 895, 900 (6th Cir. 2000).  Such procedural defaults are excused when the Petitioner establishes both cause and actual prejudice.  Phillip, 229 F.3d at 552; see Murr, 200 F.3d at 900.  "This hurdle is an intentionally high one for the petitioner to surmount, for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal."  Elzy v. United States, 205 F.3d 882, 884 (6th Cir. 2000).

### C. Jurisdiction

In his first ground for relief, Mr. Hilson argues that the Court lacked subject matter jurisdiction to hear the case under 18 U.S.C. § 922(g)(1).  Specifically, the Petitioner maintains that his admission, at his change of plea hearing, that the gun he admitted possessing was manufactured outside the State of Ohio, was insufficient to create a "substantial connection to interstate commerce."

Because Mr. Hilson did not raise this issue at sentencing or in his direct appeal, and he has not proven cause or actual prejudice to excuse the error, he is procedurally barred from introducing the matter in a Section 2255 motion.  See Elzy v. United States,

205 F.3d at 884.  However, even if the Court did not find Mr. Hilson's first ground for relief procedurally barred, his position, nevertheless, fails on the merits.  This Circuit has long held that "proof that a firearm was manufactured outside the state in which the possession occurred is sufficient to support a finding that the possession was in or affected commerce."  Watkins v. United States, 564 F.2d 201, 204 (6th Cir. 1977); see United States v. Robinson, 2006 WL 3311283 (6th Cir. 14 Nov. 2006); United States v. Ayoub, 498 F.3d 532, 544-48 (6th cir. 2007) (defendant's stipulation as to interstate travel of firearm sufficient);  United States v. Sawyers, 409 F.3d 732, 735 (6th Cir. 2005) (defendant's stipulation that firearm traveled in interstate commerce provided sufficient evidence to support his conviction)

Accordingly, Mr. Hilson's admission that the nine-millimeter Beretta that Officers recovered from him was "manufactured outside the State of Ohio and traveled in interstate commerce," establishes this Court's jurisdiction under Section 922(g)(1). (Change of Plea Hearing, Doc. 28, Tr. 14-15: 3 CR 228).[1]

---

[1] Mr. Hilson's argument in reply, that this Court should follow the Sixth Circuit's decision in Waucaush v. United States, 380 F.3d 251 (6th Cir. 2004), is inapposite. Waucaush required a showing of a substantial effect on interstate commerce in the context of a conviction under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c).  In United States v. Chesney, 86 F.3d 564 (6th Cir. 1996), this Circuit held that a § 922(g)(1) conviction comports with the Commerce Clause so long as the defendant "possessed a gun that previously had moved in interstate commerce." Chesney, 86 F.3d at 572.   The Sixth Circuit has confirmed in United States v. Henry, 429 F.3d 603, 620 (6th Cir. 2005) that both before and after its decision in Waucaush that Chesney has been reaffirmed, and the Circuit has continued to reject challenges, such as Mr. Hilson's, to the effect on interstate commerce sufficient to establish a violation of § 922(g).  Further, the decision in Henry notes that Waucaush neither discusses, nor cites, § 922(g)(1) or Chesney, suggesting that the panel had no intention of making its holding applicable to the felon-in-possession statute.

**D.     Ineffective Assistance of Counsel**

Mr. Hilson claims in his second and third grounds for relief that his counsel provided ineffective assistance.  Ground two for relief is directed at the performance of his first appointed counsel, while ground three for relief attaches to the performance of his second appointed counsel.

In his second ground for relief, Mr. Hilson maintains that his counsel was ineffective because he allowed the Petitioner to enter a guilty plea without an assurance that the government would request a significant sentencing departure under U.S.S.G. § 5K1.1.  Mr. Hilson also maintains his first counsel abdicated his duty to file a suppression motion to challenge the alleged discrepancies in the two police reports.

In his third ground for relief, Mr. Hilson argues that his second appointed counsel was ineffective because that counsel had a conflict of interest with one of the witnesses that prevented him from going to trial.  As such, the Petitioner maintains that his second counsel was ineffective because he had an incentive to avoid trial which included not vigorously pursing the refiling of Mr. Hilson's motion to withdraw his plea of guilty.  Mr. Hilson did not waive his right to raise ineffective assistance of counsel in a Section 2255 motion.

Criminal defendants are entitled to the assistance of counsel for their defense pursuant to the Sixth Amendment of the U.S. Constitution. U.S. Const. amend. VI;  see also, Moss v. United States, 323 F.3d 445, 454 (6th Cir. 2003).  A right that is derivative of the right to counsel is the right to have effective assistance of counsel.  Moss, 323 F.3d at 454; see also, Strickland v. Washington, 466 U.S. 668, 685-86 (1984).  The "benchmark of effectiveness 'must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having

9

produced a just result.' " Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000) (quoting Strickland, 466 U.S. at 686).

In Hofbauer the Sixth Circuit explained the two-part test for ineffective assistance of counsel as described in Strickland:

> First a defendant must show that counsel's performance was 'deficient,' involving 'errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'.... Second, even if counsel's performance is deemed deficient, a defendant must show that those deficiencies were prejudicial to the defense. To make this showing, the defendant must demonstrate that there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'

Hofbauer, 228 F.3d at 702 (quotations omitted).

Within the context of a guilty plea, the Sixth Circuit has recently noted:

> In order to show that deficient performance prejudiced the defense when a defendant pleads guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." A defendant can meet this burden by showing, for example, that there was an "affirmative defense," such as an insanity defense, that "likely would have succeeded at trial," or by showing that he or she was not competent to plead guilty. A defendant is competent if he or she "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him."

Stewart v. Morgan, 2007 WL 1451974 *4 (6th Cir.2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985); Dusky v. United States, 362 U.S. 402, 402 (1960) and citing Jermyn v. Horn, 266 F.3d 257, 283 (3rd Cir.2001); Eddmonds v. Peters, 93 F.3d 1307, 1317 (7th Cir.1996)).

The record indicates that Mr. Hilson represented to the court that he was competent to enter a plea of guilty and that he entered the plea knowingly and voluntarily. Such representations of competency "constitute a formidable barrier in any

subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity." Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir.1996).

Mr. Hilson has failed to show that, but for either of his counsels' errors, there is a reasonable probability he would have gone to trial.  The record contains no evidence that Mr. Hilson, prior to his change of plea hearing, sought to challenge the government's evidence or his counsel's advice.  Instead, the record shows that Mr. Hilson sought to reduce his sentence and only challenged his counsel's effectiveness after the government chose not to request the application of a sentencing departure under U.S.S.G. § 5K1.1.

Mr. Hilson was arraigned on 26 June 2003 and did not decide to enter a change of plea until 26 January 2004, ample time in which to consider challenging the Indictment on evidentiary grounds.  Instead, as is clear from the change of plea hearing, Mr. Hilson admitted to entering a voluntary and intelligent plea in light of the supporting facts.  (Doc. 28, Tr. 21).  Preceding that admission, the Court, the government, and Mr. Hilson's then attorney, Neal Atway, discussed with the defendant the contingencies he faced in changing his plea.  Specifically, Mr. Hilson acknowledged several times during the course of the hearing that he understood the Court could not, in sentencing the Petitioner, depart below 180 months unless the government filed a motion for substantial assistance under § 5K1.1.  (Doc. 28, Tr. 11-12, 15, 17, 18-19, 20-21).  In addition, the Court, the government, and his counsel, carefully detailed the best and worst case scenarios the Petitioner faced at sentencing.  (Doc. 28, Tr. 15-17).  Finally, Mr. Hilson's counsel addressed, in open court, his discussions with the Petitioner concerning probable sentences and the risk that a trial might compound Mr. Hilson's imprisonment time, should he not prevail.  (Doc. 28, Tr. 18-19).

11

The record is clear that Mr. Hilson, in consultation with his attorney, chose to change his plea as part of a clearly calculated, and entirely justified, strategy to reduce the amount of time he would be imprisoned. Mr. Hilson has not established, as he must, that his first counsel's advice, that he accept a plea agreement, was objectively unreasonable in light of the facts and circumstances of this case. Nor has Mr. Hilson shown, as he must, that a reasonable probability existed that he would not have pleaded guilty had his counsel not committed the errors the Petitioner alleges.

Mr. Hilson's further argument, that his first attorney's performance was deficient for failing to file a suppression motion, is equally unconvincing. The alleged "discrepancies," highlighted by Mr. Hilson, between the report by the ATF Agent and the arresting officer, are simply not probative of the question of whether the search and seizure was constitutional. Mr. Hilson, again, has not shown that his first counsel's strategic decision not to file a suppression motion on his behalf was objectively unreasonable, or that but for Mr. Atway's action not to file a motion to suppress, the Petitioner would have proceeded to trial.

Mr. Hilson's third ground for relief alleges ineffectiveness of counsel with regard to the performance of his second, Court-appointed attorney, Damian Billak. In his papers before the Court, the Petitioner maintains that Mr. Billak's conflict of interest, which prevented him from continued representation only if Mr. Hilson were to proceed to trial, caused counsel to represent the Petitioner ineffectively on the issue of the withdrawal of his guilty plea. Specifically, Mr. Hilson alleges, first, that Mr. Billak failed to inform him of counsel's action to withdraw the Petitioner's pro se motion to withdraw his guilty plea. For two reasons the Court finds Mr. Hilson's argument fails to establish that, but for counsel's alleged error, the result of the proceedings would have concluded

differently. Warner, 975 F.2d at 1211. First, the Petitioner's counsel's "motion to withdraw previously filed motion to withdraw plea of guilty" was specifically predicated on Mr. Hilson's request. (Doc. 30: 3 CR 228). Second, Mr. Hilson could have filed an objection to Mr. Billak's filed motion, but he did not. Four months prior to Mr. Billak's currently-objected-to-action, Mr. Hilson filed pro se motions both to withdraw his guilty plea (Doc. 23: 3 CR 228), and to remove his first attorney from the case. (Doc. 24: 3 CR 228).

Instead, the record indicates that Mr. Hilson was satisfied with Mr. Billak's efforts to withdraw the previous, pro se motion to withdraw the plea of guilty up until the Petitioner reviewed the final presentence investigation report sometime after 9 July 2004. When the report did not recommend a § 5K1.1 sentencing departure, the record shows that Mr. Hilson requested that his attorney file a motion to withdraw his plea of guilty. (Doc. 33: 3 CR 228). On 27 August 2004, Mr. Billak filed a motion to withdraw the Petitioner's guilty plea, as well as a brief in opposition to the presentence investigation report. (Doc. 34: 3 CR 228). Simultaneous with these filings, Mr. Billak filed a motion to withdraw as counsel due to a conflict of interest, about which Mr. Hilson was previously aware, should the Court grant Mr. Hilson's motion to withdraw his guilty plea. (Doc. 32: 3 CR 228). The record clearly indicates that Mr. Billak was acting to represent his client's needs as they shifted with regard to the sentencing contingencies.

In addition, Mr. Hilson maintains that Mr. Billak's 27 August 2004 motion to withdraw his client's guilty plea was insufficient because counsel failed to indicate in the papers that Mr. Hilson was misled into believing he would receive the § 5K1.1 sentencing departure, that he could have filed a motion to suppress, and could have prevailed at trial. Nothing in the papers before the Court indicate that Mr. Hilson ever

13

contemplated proceeding to trial, or that he considered pursuing suppression of the evidence gathered the night of his arrest. As such, Mr. Hilson has not shown either that, Mr. Billak's representation fell below an objective standard of reasonableness, or that a reasonable probability existed that, but for Mr. Billak's alleged error, the Petitioner would have proceeded to trial or filed a suppression motion. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985).

Similarly, the Court does not find Mr. Hilson has established counsel's performance as deficient with regard to the Petitioner's assertion that he was misled regarding the § 5K1.1 sentencing departure. The evidence of the Court's change of plea hearing establishes that Mr. Hilson acknowledged, in multiple instances, the contingency of the § 5K1.1 departure. Mr. Hilson's Section 2255 argument strains credibility for the Petitioner to, now, insist that eight months after his acknowledgments at his change of plea hearing, and on the heels of a presentence report that advised against departure, his counsel was ineffective for not arguing the Petitioner was misled as to the applicability of § 5K1.1.

### E. Certificate of Appealability

The Court declines to issue a certificate of appealability ("COA"). 28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Id. at 483-4 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." Id. at 484. In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

For the reasons stated, the Court does not find that Mr. Hilson has satisfied this showing. Accordingly, the Court declines to issue a certificate of appealability.

Finally, for the reasons set forth above, petitioner Otha Hilson, III's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

   /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 14 July 2008