IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------------
OTHA HILSON III,                          :   CASE NO. 4:07 CV 00187
                                          :              4:03 CR 00228
                        Petitioner,       :
                                          :   ORDER GRANTING PETITIONER
          -vs-                            :   LEAVE AND PROVIDING A COPY
                                          :   OF THE COURT'S 14 JULY 2008
                                          :   ORDER AND JUDGMENT ENTRY
UNITED STATES OF AMERICA,                 :
                                          :
                        Respondent.       :
---------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This matter comes before the Court on Petitioner's 29 August 2008 motion for leave to file a motion for reconsideration of this Court's 14 July 2008 Order, pursuant to Fed. R. Civ. P. 59(e) and Rule 60(b). (Doc. 62). The Petitioner, Mr. Hilson, maintains he failed to receive either this Court's 14 July 2008 "Memorandum of Opinion and Order Denying Petitioner Relief under 28 U.S.C. § 2255," or its Judgment Entry. (Docs. 60, 61).

For the reasons discussed below, Mr. Hilson's request for leave to file a motion for reconsideration will be granted only as it pertains to arguments brought pursuant to Rule 60(b).

A motion to alter or amend a judgment, pursuant to Rule 59(e), must be filed within ten (10) days of that judgment. That rule permits the Court "to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate

proceedings." York v. Tate, 858 F.2d 322, 326 (6th Cir. 1988). Rule 59 specifically states that the motion is to be served not later than ten (10) days after entry of the judgment. In turn, Rule 6(b) provides that a district court "may not extend the time for taking any action under Rule 59(b)" and all courts considering the matter have uniformly held that the 10 day period may not be enlarged under any circumstances. Lichtenberg v. Besicorp Group, Inc., 204 F.3d 397, 401 (2nd Cir. 2000); Rhoden v. Campbell, 153 F.3d 773 (6th Cir. 1998).

This Court dismissed Petitioner's section 2255 motion on 14 July 2008. Therefore, excluding weekends, the Petitioner's motion for reconsideration under Federal Rule of Civil Procedure 59, was due on 31 July 2008. Accordingly, Mr. Hilson's motion for leave to file a motion for reconsideration is untimely under Rule 59.

However, Petitioner's motion for reconsideration also may be considered under Federal Rule of Civil Procedure 60(b):

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Rule 60(c) requires Mr. Hilson file his motion "within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order." What constitutes a "reasonable" time "depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party

2

by reason of the delay, and the circumstances compelling equitable relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990). Mr. Hilson's prompt filing of a Rule 60(b) motion in this matter would be considered "within a reasonable time."

The Court will grant Mr. Hilson's motion for leave to expeditiously file a Rule 60(b) motion for reconsideration of this Court's 14 July 2008 Order denying relief under 28 U.S.C. § 2255. With this instant Order the Court will include the 14 July 2008 Memorandum of Opinion and Judgment Entry denying Mr. Hilson's section 2255 pleading. (Docs. 60, 61).

IT IS SO ORDERED.

/s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 27 October 2008